

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:
Opinion No. O-4287
Re: Is a person, firm or corpora-
tion operating in the described
manner a "broker" and therefore
subject to the occupation tax
levied by Subdivision 7, Arti-
cle 7047?

Your letter dated March 19, 1942, submits for our opinion the following question and supporting factual situation which we quote therefrom:

". . .

"There are a number of persons, firms and corporations in this State, each representing two or more manufacturers of drugs, food products and other merchandise, who are located outside the State. The above mentioned persons, firms and corporations sell the product of the manufacturers they represent on a commission basis.

"For example, one individual who represents several manufacturers of food products, solicits orders from various jobbers and merchants for canned goods in case lots. When the aggregate orders he procures will amount to a freight car load of the brand of any one of the manufacturers he represents, he will order a carload of this particular manufacturer's brand, shipped to him at a designated point and the contents of the freight car are delivered in accordance with the orders previously taken.

"Is a person, firm or corporation, operating in the manner above outlined, a 'broker' and

429

therefore subject to the tax as levied by Sub-division 7, Article 7047, R. C. S.?

"For the purpose of enforcing the above Act, I would like to know the difference between a salesman who sells merchandise on a commission basis and a broker who receives a commission for the sale of a product."

Section 7 of Article 7047, as amended Acts 42nd Legislature, H. B. 251, Chapter 212, Section I, reads as follows:

"Brokers--Stocks and Bonds--From every person, firm, association of persons, or corporations, dealing in bonds, and/or stocks, either exclusively or in connection with other business, the sum of Fifty Dollars ($50.00) for each town or city in which such person, firm or association or corporation maintains an office. For the purpose of this Act, every person, firm, association of persons, or corporation whose business it is to negotiate purchases or sales of stocks, bonds, exchange, bullion, coin, money, bank notes, promissory notes, produce or merchandise, or anything else for sale, for others, shall be regarded as a broker." (Underscoring ours).

In view of the fact situation presented in your letter we are forced to assume that the persons, firms or corporations about which you inquire deal neither exclusively nor in part in the negotiation of purchases or sales of stocks, bonds or other like instruments in connection with their business herein described. Under the terms of the above quoted Act the State occupation tax is levied specifically on "brokers who deal exclusively or in connection with their other business in bonds and/or stocks". "Brokers" as defined for the purposes of this Act must deal in the negotiation of purchases or sales of stocks, bonds or other like innumerated merchandise in some respect before they shall become subject to the tax levy under Section 7.

Stock and bond brokers are, under Section 7, as amended, constituted or segregated and classified as a distinct subject for the purposes of this levy. Under the same amendatory Act of the 42nd Legislature, Cotton and Cotton Factors--Brokers--are similarly classified and taxed, Section 8; the same is true as to Ship Brokers, Section 9; Merchandise

430

and Commission Merchant--Brokers, Section 12. The second sentence in Section 7 was intended merely as an aid in determining whether a person is a broker or not, applicable to Sections 8 and 9, as well as Section 7. It was not intended to extend the subjects taxed in the first sentence of Section 7.

It is our opinion, therefore, that the person, firm or corporation doing the type of business as described in your letter would not be subject to the tax levy provided under terms of said Section 7, as amended, at least unless or until part of the business or occupation involved the negotiation of purchases or sales of stocks, bonds or like enumerated instruments.

In view of the fact situation presented and the opinion rendered herein, it is deemed unnecessary to discuss the second question.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED APR 22 1942

FIRST ASSISTANT
ATTORNEY GENERAL

By Glenn R. Lewis
Glenn R. Lewis
Assistant

By Chester E. Ollison
Chester E. Ollison

CEO:mp

